**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2394-23

OSCAR F. GONI,

     Plaintiff-Respondent,

v.

LUDMILLA TCHISTIAKOVA,

     Defendant-Appellant.

_____

          Submitted September 24, 2025 – Decided March 16, 2026

          Before Judges Smith and Berdote Byrne.

          On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Sussex County, Docket No. FD-19-0190-12.

          Ludmilla Tchistiakova, self-represented appellant.

          Respondent has not filed a brief.

PER CURIAM

     Defendant, Ludmilla Tchistiakova, appeals a February 21, 2024 Family

Part order modifying plaintiff Oscar F. Goni's child support from over $200 per

week to approximately $138 per week. Defendant appeals, contending the trial court committed error because plaintiff failed to submit sufficient proofs to support a downward modification. We reverse and remand because the trial court did not make sufficient findings on changed circumstances, a prerequisite to modification of a child support order.

I.

Plaintiff and defendant share a son who is now twenty-years old. The record shows that an order compelling plaintiff to pay child support has been in place since November 28, 2006. The parties have had disputes over the years regarding parenting time and child support. Since 2006, plaintiff has unsuccessfully sought a termination or decrease of child support several times.

In 2023, plaintiff moved to modify his weekly child support obligation of $203.67 per week. At the time plaintiff owed $7,740 in arrears and paid $35 per week towards those arrears. The trial court conducted argument on January 25, 2024. Both parties were present, and neither were represented. Neither party presented updated Case Information Statements, as required by Rule 5:5-2(a). The trial court was left to sift through a series of disjointed and dated submissions from the parties. Plaintiff contended that a downward modification of his child support was warranted because he was caring for the minor child of

2

his deceased fiancée, and his landscaping business had suffered financial setbacks. The court took judicial notice of certain 2021 and 2022 financial records submitted by plaintiff and then engaged in a protracted colloquy with plaintiff on his business-related income and expenses.

> THE COURT: I am just going by what you submitted this year. So, I have tax returns from '21 and '22. I don't have profit and loss from the business. And so -- and your business, I think, made more money the year before by a little bit. So, let me see if I can find it in a prior filing. So, normally what I'd do is you'd file just everything that you want me to look at in that filing.
>
> * * * *
>
> THE COURT: So, your mortgage -- and I don't want to break it down too detailed. But what I'm saying is I would have to impute more than $30,000 to you as income. If you have a truck, for example, I would add . . . $400. So, that brings you to $3,000 per month. And I still don't think it reflects what your actual income is. I'm not trying to be mean. I'm just trying to be practical here . . . <u>there's a lot that I don't have before me.</u>
>
> [Emphasis added.]

The court then outlined the steps it intended to take to make findings, and provided corresponding instructions to the parties:

> THE COURT: So, what I think I should do is sit down and look at your tax returns from before, compare them to today and see if there's any big change that would necessitate a change of the calculations on numbers. Or if we use the same numbers and can include the fact that

you have another child that you're taking care of now, and see if that changes the child support.

* * * *

All right. Here's what I'm going to do. I'm going to sit down with the tax returns and all the financial information I can find. I'm going to ask Ms. Tchistiakova to send in her financials. Because it looks like the last time this was properly calculated was many, many years ago. So, if I am going to update I want to make sure that I update correctly. So, Ms. Tchistiakova, if you can send in the last three pay stubs, and the W2 and tax return from [20]22 2023. You should have that by now. Did I say tax return for '23? I meant tax return '22, W2 for 2023, and then the last three pay stubs. I'm going to list that in the order, so you'll get that, and then just send that in as quickly as you can, let's say, within seven days. And . . . once I receive everything, I'm going to review it and issue an order.

On February 21, 2024, the court reduced plaintiff's weekly child support order from $203.67 per week to $138 per week, with $30 per week payable towards arrears. The sum of the court's findings were stated in the order:

> Both parties appeared via zoom, self-represented, and upon [p]laintiff Oscar Goni's submission of his financials, and upon [d]efendant, Ludmilla Tchistiakova's partial submission of her financials; and upon the [c]ourt's finding that [d]efendant is voluntarily underemployed, child support is calculated based on [p]laintiff's income of $1041 per week, [d]efendant's imputed income of $1115 per week, and 37 overnights to [p]laintiff, plaintiff is hereby ordered to pay child support of $138.

4

On June 3, 2024, the trial court issued an amplification detailing how it reached the reduced weekly child support of $138 per week.  The trial court did not make findings on changed circumstances at the hearing on January 25, in its order of February 21, or in its amplification of June 3.  Defendant appealed the modification, only taking issue with the trial court's methodology in calculating the reduction.

Our limited scope of review in child support modification cases is well established.  "'When reviewing decisions granting or denying applications to modify child support, we examine whether, given the facts, the trial judge abused his or her discretion.'"  J.B. v. W.B., 215 N.J. 305, 325-26 (2013) (quoting Jacoby v. Jacoby, 427 N.J. Super. 109, 116 (App. Div. 2012)).  "The trial court's 'award will not be disturbed unless it is manifestly unreasonable, arbitrary, or clearly contrary to reason or to other evidence, or the result of whim or caprice.'"  Ibid.  The trial court's factual findings are given deference in family part cases because of the "'family courts' special jurisdiction and expertise in family matters.'"  N.J. Div. of Child. Prot. and Permanency v. B.P., 257 N.J. 361, 373-74 (2024) (quoting Cesare v. Cesare, 154 N.J. 394, 413 (1998)).  Such findings shall be "'binding on appeal when supported by adequate, substantial,

credible evidence.'" Thieme v. Aucoin-Thieme, 227 N.J. 269, 283 (2016) (quoting Cesare, 154 N.J. at 413).

Defendant's primary arguments are that plaintiff intentionally misled the court about his earnings and that the trial court improperly calculated his income as a result. We do not reach that issue, as we consider a threshold question: did plaintiff meet his burden to demonstrate a change in circumstances for a downward modification of his child support order?

A party seeking modification of a child support obligation has the burden of demonstrating a change in circumstances as would warrant relief from the obligations to the child. Cardali v. Cardali, 255 N.J. 85, 101 (2023) (citing Lepis v. Lepis, 83 N.J. 139, 157 (1980)). A sufficient change in circumstances typically includes a significant increase in the child's needs, a significant change in a parent's income, or child support obligations to multiple families. Lepis, 83 N.J. at 151; Child Support Guidelines, Pressler & Verniero, Current N.J. Court Rules, Appendix IX-A to R. 5:6A, ¶ 10(b), www.gannlaw.com (2025).

We have found that changes in circumstances exist when the change prevents children from receiving an equitable amount of support. In Beck v. Beck, 239 N.J. Super. 183, 189-91 (App. Div. 1990), we remanded for a plenary hearing as the trial court failed to consider the father's well-documented

significant decrease in income, the children's significant increase in education expenses, and the mother's significant increase in income as a meritorious change in circumstances. Conversely, this court affirmed the trial court's denial for modification when a father could not demonstrate that his decrease in income was more than temporary. Donnelly v. Donnelly, 405 N.J. Super. 117, 128 (App. Div. 2009). Finally, we remanded when the trial court failed to consider the father's child support obligation to three families in its calculation. Harte v. Hand, 433 N.J. Super. 457, 463-64 (App. Div. 2013).

Here, plaintiff requested a reduction due to the seasonal nature of his work, providing fluctuating income. He also contended that his costs related to care for the child of his deceased fiancée warranted a reduction.

The record shows that during the hearing, the trial court sought evidence of plaintiff's change in circumstances and reviewed his dated and limited financial documents to determine how much he earned, individually, apart from his business. The trial court found plaintiff's income had been steady for the three years leading up to the hearing and would likely not suffice as a change in circumstances. The colloquy in the record shows plaintiff did not provide a second child support order for the child he was caring for, nor does the record show that plaintiff's income decreased significantly. The trial court's analysis

A-2394-23

stopped there. Then, for reasons which we cannot discern from the record, the court skipped ahead, calculating a decrease in plaintiff's child support obligation without finding changed circumstances.

Consequently, we vacate the order of February 21, 2024, and remand for the trial court to conduct a plenary hearing to determine whether changed circumstances exist, and if found, to determine the amount of modification supported by the record. The court may, in its sound discretion, conduct a case management conference prior to the hearing to ensure the parties' compliance with Rule 5:5-2(a), and order production of any other relevant discovery the court may require. We express no opinion as to the outcome on remand.

Vacated and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-2394-23